11-11-cv
Villeneuve v. State of Connecticut, *et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand and twelve.

Present:
>           AMALYA L. KEARSE,
>           ROSEMARY S. POOLER,
>           DEBRA ANN LIVINGSTON,
>                   *Circuit Judges*.

---

MARK E. VILLENEUVE,

>       *Plaintiff-Appellant*,

>       v.                                                          11-11-cv

STATE OF CONNECTICUT, SALVATORE DIPIANO, RICHARD FLORENTINE, FRANCES DERA, PATRICIA KING, MEMBERS OF THE WINDHAM GRIEVANCE PANEL, JULIA AURIGEMMA, JUDGE, RICHARD BLUMENTHAL, BARBARA M. QUINN, JUDGE, ANDREW NORTON, CONNECTICUT STATEWIDE GRIEVANCE COMMITTEE, MICHAEL FEDELE, MARK DUBOIS, ERNESTI J. MATTEI, OFFICIAL CAPACITY, UNITED STATES OF AMERICA,

>       *Defendants-Appellees*.

---

FOR APPELLANT:        MARK E. VILLENEUVE, pro se, Bangor, Maine.

FOR APPELLEES:        WILLIAM A. COLLIER, Assistant United States Attorney (Robert M.
                      Spector, Assistant United States Attorney, *of counsel*), *for* David
                      B. Fein, United States Attorney for the District of Connecticut,
                      Hartford, Connecticut, *for Defendants-Appellees* United States of
                      America and Ernesti J. Mattei.[1]

Appeal from the United States District Court for the District of Connecticut (Arterton,

*J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the appeal is **DISMISSED**.

Plaintiff-Appellant Mark E. Villeneuve, an attorney proceeding *pro se*, appeals from the

December 2, 2010 judgment of the United States District Court for the District of Connecticut

(Arterton, *J.*) granting the motion of the United States and Ernesti J. Mattei ("Federal

Defendants") to dismiss his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  Villenueve's complaint, brought pursuant to 42 U.S.C. § 1983, alleges that Rules

8.4(3) and 8.4(4) of the Connecticut Rules of Professional Conduct ("CRPC"), which govern the

conduct of attorneys admitted to practice in the district court, <u>see</u> D. Conn. Local Civ. R.

83.2(a)(1), are unconstitutionally overbroad and void for vagueness.  We assume the parties'

familiarity with the underlying facts, procedural history, and specification of issues for review.

At oral argument before this Court, the Federal Defendants for the first time argued that

Villeneuve's complaint should be dismissed for lack of subject matter jurisdiction, because his

complaint failed to raise a justiciable case or controversy.  Specifically, the Federal Defendants

---

[1] Although counsel for the State of Connecticut and the defendant state officials filed a
notice of appearance in this Court, they did not file a merits brief and did not appear at oral
argument.

argue that because Villeneuve was not disciplined under CRPC 8.4(3) and 8.4(4), his challenge to those rules fails to satisfy Article III standing, as his arguments are, in effect, "of a hypothetical or abstract character." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937).

We directed the parties to file supplemental papers on this issue, and, upon further consideration, now dismiss the appeal for lack of subject matter jurisdiction. *See generally Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010) (confirming the well established rule that "[w]e have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*") (internal quotation marks omitted).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *accord Pacific Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 350 (2d Cir. 2008). To show injury in a pre-enforcement facial challenge, then, Villeneuve must demonstrate "an actual and well-founded fear that the law [in question] will be enforced against" him. *Pacific Capital*, 542 F.3d at 350 (quoting *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 382 (2d Cir. 2000).

Villeneuve cannot satisfy this element because the injury he alleges is too attenuated to confer standing. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("The injury or threat of

injury must be both real and immediate, not conjectural or hypothetical." (internal quotation marks omitted)). Because the Connecticut state court never adjudicated the allegations of misconduct under CRPC 8.4(3) and 8.4(4), and because Villeneuve's suspension from the practice of law is based on his failure to appear rather than on grounds related to those rules, any threat of future discipline based on the rules is, at best, hypothetical.

Even assuming, however, that the threat of discipline is sufficient to confer standing, Villeneuve's constitutional claims are not ripe for review. *See Nutritional Health Alliance v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998) (holding that, in assessing the ripeness of a facial constitutional challenge, "we consider (1) the fitness for the issues of judicial review, and (2) the injury or hardship to the parties of withholding judicial consideration"); *accord Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). In addition to other factors, it is unclear what, if any hardship Villeneuve will suffer if we decline consideration of his constitutional challenge unless, or until, the state court imposes discipline on him for violating CRPC 8.4(3) and 8.4(4).

We have considered the remainder of Villeneuve's remaining arguments and find them to be without merit. The appeal is therefore **DISMISSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-4-